UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALEXANDER BROWN

        Petitioner,                                CASE NO. 03-70516
vs.                                               HONORABLE PATRICK J. DUGGAN

KENNETH McKEE, Warden,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S (1) MOTION FOR RELIEF FROM JUDGMENT AND (2) MOTION FOR EVIDENTIARY HEARING

Petitioner, a Michigan prisoner, filed a 79-page petition for habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 on February 11, 2003. Petitioner challenged his 1998 state court convictions for second degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. The Court denied Petitioner's request for habeas relief in an opinion and order entered on September 15, 2004. On August 10, 2007, the Sixth Circuit Court of Appeals affirmed this Court's decision. *Brown v. McKee*, 231 F. App'x 469 (6th Cir. 2007). Presently before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6) and motion for an evidentiary hearing, filed May 18, 2011.[1]

---

[1] When Petitioner filed the pending motions, he provided an incorrect case number in the case caption. This Court believed that the motions related to another habeas case that Petitioner had filed, Civil Case No. 03-73247, which had been assigned to the Honorable Arthur J. Tarnow. The Court therefore docketed the motions in that case. Only recently, on November 2, 2011, was it discovered that the motions related to the above-captioned case and, therefore, the motions were returned to the undersigned.

> Rule 60(b) provides:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be filed "within a reasonable time" and, for reasons (1), (2), and (3) "no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the facts of each case." *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (citing In re Abdur'Rahman, 392 F.3d 174, 185 (6th Cir. 2004), vac'd on other grounds, 545 U.S. 1151, 125 S. Ct. 2991 (2005)).

The complaints asserted by Petitioner in his Rule 60(b) motion relate to the adjudication of his habeas petition in this Court and before the court of appeals and the denial of a previously filed motion for discovery. Petitioner nevertheless did not assert those complaints until more than six years after this Court's decision denying him habeas relief and more than three and a half years after the Sixth Circuit's affirmance. While Petitioner mentions "fraud . . . perpetrated in the Appellate Court and on Petitioner by

2

[the counsel appointed to represent him on appeal]" (Mot. at 4), he fails to describe the alleged fraudulent conduct with any specificity and he does not suggest that he only recently discovered this "fraud."  Therefore, the Court concludes that Petitioner's Rule 60(b) motion was not filed "within a reasonable time."

As the case is closed and the Court concludes that Petitioner's request for relief from judgment is untimely, the Court finds no reason to conduct an evidentiary hearing.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for relief from judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion for evidentiary hearing is **DENIED**.

Dated: November 10, 2011

              s/PATRICK J. DUGGAN
              UNITED STATES DISTRICT JUDGE

Copies to:
Michael Alexander Brown
#150714
Mound Correctional Facility
17601 Mound Road
Detroit, MI   48212

AAG Raina I. Korbakis